## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| F.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:24-cv-04259-ELR |
| v. | ) | |
| | ) | |
| TARA HOSPITALITY, LLC d/b/a | ) | **JURY TRIAL DEMANDED** |
| THE GARDEN INN, and | ) | |
| SHASHIREKHA SHETTY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Tara Hospitality, LLC d/b/a the Garden Inn and Shashirekha Shetty ("Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint, showing as follows:

1. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Defendants admit only that Tara Hospitality, LLC, owned and operated the Garden Inn located at 6701 Shannon Parkway, Union City, Georgia 30291. The remaining allegations in paragraph 6 are denied.

7. Defendants deny the allegations contained in paragraph 7, including subparts (a) through (f).

8. Paragraph 8 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 8 are denied.

9. Defendants deny the allegations in paragraph 9, including subparts (a) through (b).

10. Paragraph 10 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 10 are denied.

**I.      Response to "Plaintiffs' trafficking at the Garden Inn."**

11. Defendants lack knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18.    Defendants deny the allegations contained in paragraph 18.

19.    Defendants deny the allegations contained in paragraph 19.

**II.    Response to "Defendant's knowledge of prior crime at the Garden Inn."**

20.    Defendants deny the allegations contained in paragraph 20.

21.    Defendant admits only that Tara Hospitality, LLC, owned and had employees at the Garden Inn. Otherwise, Defendants deny the allegations contained in paragraph 21.

22.    Defendants deny the allegations contained in paragraph 22.

23.    Defendants deny the allegations contained in paragraph 23.

24.    Defendants deny the allegations contained in paragraph 24.

25.    Defendants deny the allegations contained in paragraph 25.

26.    Defendants deny the allegations contained in paragraph 26.

27.    Defendants deny the allegations contained in paragraph 27.

28.    Defendants deny the allegations contained in paragraph 28.

29.    Defendants deny the allegations contained in paragraph 29.

30.    Defendants deny the allegations contained in paragraph 30, including subparagraphs (i) through (ix).

31.    Defendants deny the allegations contained in paragraph 31.

**D.      Response to "Defendants' Knowledge of Sex Trafficking Generally"**

32.     Defendants deny the allegations contained in paragraph 32.

[*sic.*]

1. Defendants deny the allegations contained in the second paragraph 1.

2. Defendants deny the allegations contained in the second paragraph 2.

3. Defendants deny the allegations contained in the second paragraph 3.

4. Defendants deny the allegations contained in the second paragraph 4.

5. Defendants deny the allegations contained in the second paragraph 5.

6. Defendants deny the allegations contained in the second paragraph 6.

7. Defendants deny the allegations contained in the second paragraph 7, including subparagraphs (a) through (f).

8. Defendants deny the allegations contained in the second paragraph 8.

9. Defendants deny the allegations contained in the second paragraph 9, including subparagraphs (a) through (j).

10.     Defendants deny the allegations contained in the second paragraph 10.

**RESPONSE TO COUNT I
STATUTORY LIABILITY: SEX TRAFFICKING
18 U.S.C. § 1595**

33.     Defendants incorporate the paragraphs above as if fully restated herein.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants admit only that Tara Hospitality, LLC, received revenue generated by operation of the Garden Inn. Defendants deny the remaining allegations contained in paragraph 35.

36.     Defendants admit only that Tara Hospitality, LLC, operated a hotel. Defendants deny the remaining allegations contained in paragraph 36.

37.     Paragraph 37 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39.

40.     Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Defendants deny the allegations contained in paragraph 42.

43.     Defendants deny the allegations contained in paragraph 43.

## **RESPONSE TO COUNT II - NUISANCE**

44.     Defendants incorporate the paragraphs above as if fully restated herein.

45.     Paragraph 45 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 45 are denied as an incomplete statement of law.

46.     Paragraph 46 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 46 are denied as an incomplete statement of law.

47.     Paragraph 47 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 47 are denied as an incomplete statement of law.

48.     Paragraph 48 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 48 are denied as an incomplete statement of law.

49.     Paragraph 49 is a statement to which no response is required. To the extent a response is required, the allegations in paragraph 49 are denied as an incomplete statement of law.

## RESPONSE TO PUBLIC NUISANCE

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

## RESPONSE TO PRIVATE NUISANCE

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

57.    Defendants deny the allegations in paragraph 57.

## RESPONSE TO NUISANCE PER SE PURSUANT TO O.C.G.A. § 41-3-1

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants deny the allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61.

## RESPONSE TO DAMAGES

62.    Defendants incorporate the paragraphs above as if fully restated herein.

63.    Defendants deny the allegations in paragraph 63, including subparagraphs (a) through (i).

64.    Defendants deny the allegations in paragraph 64.

65.    Defendants deny the allegations in paragraph 65.

Defendants further deny the allegations contained in the unnumbered WHEREFORE paragraph following paragraph 66, including subparagraphs (a) through (e).

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Defendants deny all allegations not specifically admitted.

### SECOND DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief can be granted.

### THIRD DEFENSE

No act or omission of Defendants proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiff; therefore, Plaintiff has no right of recovery against Defendants.

### FOURTH DEFENSE

The injuries complained of by Plaintiff, if any, were caused solely and proximately by the acts or omissions of third persons. Such acts and omissions themselves constitute the sole proximate cause of Plaintiff's injuries and further served to break the chain of causation between Plaintiff's injuries and any negligence of which these Defendants may have been guilty. Defendants specifically deny that it has been guilty of any negligence whatsoever with respect to the Plaintiff.

### FIFTH DEFENSE

To the extent the evidence shows, Defendants reserve the right to assert any defenses relating to the duty to mitigate damages.

## SIXTH DEFENSE

To the extent the evidence shows, Defendants reserves the right to assert any defenses relating the doctrine of estoppel, waiver, release, fraud, and/or laches.

## SEVENTH DEFENSE

The damage, if any, sustained by the Plaintiff was the result of the conduct of persons or entities over whom Defendants have no control or responsibility, and for whose conduct Defendants are thus not liable.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred because there is no causal connection between any alleged act, error, or omission by Defendants and the Plaintiff's alleged damages.

## NINTH DEFENSE

Plaintiff has failed to join all necessary parties for just adjudication.

## TENTH DEFENSE

To the extent Plaintiff alleges that they were assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed to Plaintiff. As such, no action by the Defendants could have precluded or prevented the actions of these third parties.

## ELEVENTH DEFENSE

Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of Defendants.

## TWELFTH DEFENSE

Defendants are entitled to apportionment of liability to other parties and non-parties to this action. Without limiting the foregoing, the injuries alleged by Plaintiff were caused in whole or in part by other persons or entities, including without limitation: Plaintiff's traffickers; any associate of Plaintiff's traffickers; any other persons who trafficked Plaintiff; and any persons or entities with liability under the TVPRA. The addresses of those persons and entities are not currently known to Defendant. These persons or entities are at fault for the injuries alleged by Plaintiff because they trafficked her. Defendants are entitled to and hereby gives its notice of its intent to seek apportionment under O.C.G.A. § 51-12-33.

## THIRTEENTH DEFENSE

Defendants are entitled to a set-off for any settlement paid by any party or non-party, in satisfaction of the same damages for which the Plaintiff is suing.

## FOURTEENTH DEFENSE

In the event the evidence shows, Defendants reserve the right to assert that Plaintiff's claims are barred in whole or in part because of her own comparative

negligence and/or assumption of risk and/or that Plaintiff, by the exercise of ordinary care, could have avoided any injury allegedly sustained.

### FIFTEENTH DEFENSE

Plaintiff's allegations are expressly or impliedly preempted by federal law.

### SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTEENTH DEFENSE

The intentional acts, criminal acts, and/or negligence of Plaintiff's alleged pimps/traffickers were not reasonably foreseeable to Defendants.

### EIGHTEENTH DEFENSE

Defendants hereby designate Plaintiff's pimps/traffickers and johns/assailants, whose identities and locations are currently unknown to Defendants, as persons to whom fault should be apportioned under OCGA 51-12-33, based on the facts alleged in Plaintiff's Complaint.

### NINETEENTH DEFENSE

Defendants respectfully reserve the right to amend its Answer to assert other affirmative defenses, claims, and defense as may become available or apparent during discovery.

## TWENTIENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Core,* 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates the Defendants' rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## TWENTY-SECOND DEFENSE

Defendants deny that punitive damages are warranted. Without limiting the foregoing, Defendants show that punitive damages, if any, should be capped at $250,000.

## TWENTY-THIRD DEFENSE

Defendants breached no duty owed to Plaintiff under the circumstances.

## TWENTY-FOURT DEFENSE

Plaintiff's claims are or may be barred by the applicable statute of limitations and/or laches.

## TWENTY-FIFTH DEFENSE

Plaintiff has not properly plead a claim for attorney's fees, and Plaintiff is not otherwise entitled to attorney's fees.

## JURY DEMAND

Defendants demand a trial by a jury of 12 persons on all issues so triable.

## GENERAL DENIAL

Responding to each and every claim in Plaintiff's Complaint, Defendants deny that they are liable to Plaintiff in any way, either in law or equity. To the extent any paragraph, sentence, sub-paragraph, statement, or allegation in Plaintiff's Complaint is neither expressly admitted nor denied by the foregoing responsive answers and defenses, the same is hereby specifically denied. Further, Defendants specifically deny that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Court enter judgment in favor of it with all remedies available at law, and grant such other and further relief as may be just and proper.

Respectfully submitted this 16th day of December, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com
*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133

**GROTH, MAKARENKO, KAISER & EIDEX, LLC**

*/s/ Joseph A. Kaiser*
Joseph A. Kaiser
Georgia Bar No. 323435
jk@gmke.law
*Attorney for Defendants*

1960 Satellite Blvd., Suite 2000
Duluth, Georgia 30097
(770) 904-3590

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing document has been prepared in accordance

with L.R. 5.1 using Times New Roman font, 14-point.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com
*Attorneys for Defendants*


**GROTH, MAKARENKO, KAISER &
EIDEX, LLC**

*/s/ Joseph A. Kaiser*
Joseph A. Kaiser
Georgia Bar No. 323435
jk@gmke.law
*Attorney for Defendants*

1960 Satellite Blvd., Suite 2000
Duluth, Georgia 30097
(770) 904-3590

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically served a copy of the foregoing **Defendants' Answer to Plaintiff's Complaint** to all parties by filing a true and correct copy with the Clerk of Court, which will automatically send electronic copies to all counsel of record as follows:

Anderson Tate & Carr
Patrick J. McDonough
pmcdonough@atclawfirm.com
Jonathan S. Tonge
jtonge@atclawfirm.com
Rory A. Weeks
rweeks@atclawfirm.com
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
(770) 822-0900
*Counsel for Plaintiff*

This 16th day of December, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
JAdair@fmglaw.com
Emma J. Fennelly
Georgia Bar No. 610587
Emma.fennelly@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(678) 996-9133

**GROTH, MAKARENKO, KAISER &
EIDEX, LLC**

*/s/ Joseph A. Kaiser*
Joseph A. Kaiser
Georgia Bar No. 323435
jk@gmke.law
*Attorney for Defendants*

1960 Satellite Blvd., Suite 2000
Duluth, Georgia 30097
(770) 904-3590