IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| F.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:24-cv-04259-ELR |
| v. | ) | |
| | ) | |
| TARA HOSPITALITY, LLC d/b/a | ) | **JURY TRIAL DEMANDED** |
| THE GARDEN INN, and | ) | |
| SHASHIREKHA SHETTY, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

    **Plaintiff: This is a civil action under the Federal Trafficking Victims Protection Reauthorization Act (TVPRA) and Georgia nuisance law.**

    **Defendants: Defendants deny all of Plaintiff's claims and reserve the right to assert affirmative defenses.**

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    **Plaintiff: Plaintiff alleges that she was a victim of sex trafficking at Defendants' hotel from the end of 2012 through early 2013. Defendants benefited financially from Plaintiff's sex trafficking. Defendants (through its employees) helped facilitate Plaintiff's sex**

trafficking. Defendants knew or should have known that the hotel was a venue for sex trafficking and other sex crimes.

**Defendants: Defendants deny sex trafficking occurred at its hotel under its ownership. To the extent Plaintiff was trafficked, Defendants deny that they knew or should have known sex trafficking was occurring at the property.**

(c) The legal issues to be tried are as follows:

**Plaintiff: TVPRA liability, damages, punitive damages, nuisance, attorney's fees and litigation expenses.**

**Defendants: Whether Defendants violated the TVPRA; whether Defendants are liable to Plaintiff for damages, and the amount of such damages, including general damages, compensatory damages, economic damages, consequential damages, and punitive damages; whether Defendants are liable to Plaintiff for reasonable attorney's fees; and any additional legal issues raised by any affirmative defenses, counterclaims, or third-party claims Defendants may assert.**

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases: **None.**

    (2) Previously Adjudicated Related Cases: **None.**

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties (before amendment)
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_x\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_x\_\_ (5) Extended discovery period is needed
    \_\_x\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_x\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

3. **Counsel:**

   The following individually named attorneys are hereby designated as lead counsel for the parties:

   Plaintiff: **Jonathan A. Tonge**

   Defendants: **Jennifer C. Adair**

4. **Jurisdiction:**

   Is there any question regarding this court's jurisdiction?
   ____ Yes   __x__ No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a)   The following persons are necessary parties who have not been joined:

   **For Plaintiff: None.**

   **For Defendants: Plaintiff's alleged traffickers and customers are necessary parties.**

   (b) The following persons are improperly joined as parties: **None.**

   (c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

   (d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

3

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

   (a) List separately any amendments to the pleadings which the parties anticipate will be necessary: **None.**

   (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

   All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

   All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

   (b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   (c) *Other Limited Motions*: Refer to local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

   (d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.	Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties agree that initial disclosures are appropriate.**

**9.	Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference with the Court at this time.**

**10.	Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**(1) Identification and location of witnesses, including former and current employees of the Defendants;**

**(2) Defendants' alleged knowledge of trafficking for either labor or sex at its facility;**

**(3) Any and all interactions Plaintiff allegedly had with any of Defendants' agents, representatives, employees, or other personnel at the facility;**

**(4) Plaintiff's movements and location while at the hotel;**

**(5) Defendants' employee training policies and practices;**

**(6) Defendants' hiring policies and practices;**

**(7) Defendants' security policies and practices;**

**(8) Defendants' policies and procedures concerning customer complaints;**

**(9) Defendants' policies and procedures concerning employee complaints;**

**(10) Defendants' policies and procedures concerning hotel incidents involving police;**

**(11) Defendants' refund policy after check-in;**

**(12) Defendants' responses to complaints of sex trafficking, drugs, prostitution, and other crimes;**

**(13) The nature and extent of Plaintiff's alleged trafficking; and**

**(14) The nature and extent of Plaintiff's alleged damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties request that this case be assigned to an eight-month track for fact discovery. The parties also request that expert disclosures be due 30 days after the close of fact discovery; rebuttal-expert disclosures be due**

**30 days after the deadline for expert disclosures; and that expert discovery end 30 days after the deadline to disclose rebuttal experts.**

11. **Discovery limitation:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

    **None at this time.**

    (b) Is there any party seeking discovery of electronically stored information?

    **Yes, Plaintiff is seeking electronically stored information from Defendants. The parties agree to exchange non-privileged electronically stored information in searchable pdf/adobe format where practical, otherwise in native form, and to the extent possible, to preserve electronically stored information in original form in the event a question arises regarding same. The parties agree that unless a file is a TIFF in its original form, they will not convert electronically stored information into a TIFF file for production without first discussing the matter with the opposing party and seeking to reach an agreement.**

12. **Other Orders:**

    What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

    **None at this time.**

13. **Settlement Potential:**

    (a) Lead counsel for parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **January 15, 2025**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

    **For Plaintiff:**

/s/ *Jonathan A. Tonge*
Jonathan A. Tonge

**For Defendants:**

*/s/ Jennifer Adair*
Jennifer Adair

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(___x__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)  Counsel (    ) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **unknown at present.**

(d)  The following specific problems have created a hindrance to the settlement of this case:  **None.**

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court his _____ day _____, of 20___.

The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

8

Respectfully submitted on January 22nd, 2025.

| ANDERSEN, TATE & CARR, P.C. | FREEMAN MATHIS & GARY, LLP |
|---|---|
| */s/ Jonathan A. Tonge*<br>PATRICK J. MCDONOUGH<br>Georgia Bar No. 489855<br>pmcdonough@atclawfirm.com<br>JONATHAN S. TONGE<br>Georgia Bar No. 303999<br>jtonge@atclawfirm.com<br>RORY A. WEEKS<br>Georgia Bar No. 113491<br>rweeks@atclawfirm.com<br>JENNIFER M. WEBSTER<br>Georgia Bar No. 760381<br>jwebster@atclawfirm.com | */s/ Jennifer Adair*<br>JENNIFER C. ADAIR<br>Georgia Bar No. 001901<br>JAdair@fmglaw.com<br>EMMA J. FENNELLY<br>Georgia Bar No. 610587<br>Emma.fennelly@fmglaw.com<br><br>100 Galleria Parkway, Suite 100<br>Atlanta, Georgia 30339<br>(678) 996-9133 |

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, GA 30097
(770) 822-0900 | Telephone